E. GRADY JOLLY, Circuit Judge,
joined by JERRY E. SMITH, Circuit Judge, dissenting:
Because the record in this case makes clear that Burdine is plainly guilty of capital murder beyond a reasonable doubt; because Burdine voluntarily confessed to his crime; because, even though Burdine was fully aware that his counsel had slept at points during the trial, he repeatedly heaped post-trial compliments on his counsel for his performance at trial and continually has expressed confidence in his counsel after trial; because the record fairly establishes that Burdine’s counsel actually provided competent representation throughout the course of the trial; because there is no suggestion in the record that Burdine suffered any prejudice on account of counsel’s alleged sleeping, that is, there is no suggestion that the outcome in this case would have been any different on account of the allegations now made; because Burdine waited eleven years before he ever raised the “sleeping lawyer” claim; because there is no evidence in the record that shows that counsel’s sleeping occurred at a critical stage in the trial, and because the now silent Burdine apparently could have offered testimony on this point but has chosen not to do so; and finally, because I am led to believe by these facts that the “sleeping lawyer” claim is in large part a diverting tactic to create the impression of a miscarriage of justice in a case in which substantial justice has been done, I respectfully dissent from the granting of habeas relief on the basis of the “sleeping lawyer” claim. I would remand for consideration of his other claims to determine whether any have such merit to afford Burdine federal habeas relief.